UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL CHANEY | CIVIL ACTION |
| VERSUS | NO:     06-3469 |
| THE KANSAS CITY SOUTHERN RAILWAY COMPANY, ET AL | SECTION: "C" (4) |

### ORDER

Before the Court is **Plaintiff Michael Chaney's Motion to Quash the Deposition of Michael Chaney Noticed by Defendant The Kansas City Southern Railway Company and/or for Protective Order(doc. #29)** filed by the plaintiff, Michael Chaney, seeking an order from this Court quashing the deposition of Chaney set for July 25, 2007 and for a protective order.  Also before the Court is **Plaintiff's Rule 37(a) Motion to Compel Defendant The Kansas City Southern Railway Company to Fully Respond to Plaintiff's Interrogatories and Request for Production (doc. #21)** seeking an order from this Court compelling a defendant, Kansas City Southern Railway ("KCS"), to respond to certain discovery.  KCS filed opposition memoranda to both motions.

**I.    Background**

On July 3, 2006, Chaney filed an action in this Court alleging that while working for KCS, he slipped, tripped, and/or fell through a defective grate as he walked along the tracks.  He alleges that he suffered injuries to his back, knees, and other parts of his body from this accident.  He contends that these injuries resulted from KCS's negligence as well as the negligence of the owner

of the grate, Lion Copolymer, L.L.C.  He later added American International Speciality Lines Insurance Company, as the insurer for Lion Copolymer, as a defendant.  The defendants answered, denying liability.

On October 26, 2006, Chaney propounded requests for production on KCS seeking, among other things, any witness statements taken.  In its responses, KCS indicated that it had a statement of Chaney dated February 26, 2006 but withheld the statement on the basis of attorney client privilege.  The accident in question occurred on February 21, 2006.[1]

On May 31, 2007, KCS re-noticed the deposition of Chaney for July 25, 2007.  On June 21, 2007, Chaney filed a motion to compel seeking, among other things, his statement.  (*See* Rec. Doc. No. 21).  On July 20, 2007, Chaney filed the subject motion to quash the noticed deposition as well as a protective order requiring that KCS provide his statement prior to his deposition.

## II.     Standard of Review

Federal Rule of Civil Procedure Rule 26(d) provides that there is no priority rule for the sequence of discovery.  Instead, Rule 26(d) provides that "methods of discovery may be used in any sequence and the fact that a party is conducting discovery . . . shall not operate to delay any other party's discovery.  FED. R. CIV. P. 26(d).  The comment to section D indicates that the principal effect of this section is "to eliminate any fixed priority in the sequence of discovery."  Rule 26(d)(2) further provides that theCourt may order that discovery occur in a particular sequence only when the moving party makes a showing that a particular sequence is "for the convenience of the parties and in the interests of justice.  FED. R. CIV. P. 26(d)(2).

Under Federal Rule of Civil Procedure 26(b), "a party may obtain without the required

---

[1] According to defendant's response to interrogatory number 5, the plaintiff returned to work after the accident and worked through June 11, 2006.

showing a statement concerning the action or its subject matter previously made by that party." FED. R. CIV. P. 26(b)(3). It is clear "that both parties and non-parties are entitled to secure production of any statements they have given without any special showing." *Scott v. Litton Avondale Industries*, 2003 WL 1913976 (E.D. La. April 16, 2003) (citing *Sims v. Lafayette Parish School Board*, 140 F.R.D. 338 (W.D. La. 1992)). The Fifth Circuit has held that the rule makes "a party's statement 'discoverable as of right.'" *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1351 (5th Cir. 1985).

### III.    Analysis

Chaney contends that under Rule 26(b)(3), he is entitled to his statement prior to his deposition. He contends that any privilege claim made by KCS to his statement lacks merit because the Rules require that his statement be produced. Further, he notes that other courts in this district have require the production of a statement prior to the deposition of a party witness. Thus, he contends that this Court should enter a protective order requiring that KCS produce his statement prior to his deposition.

KCS contends that in the Fifth Circuit, it is entitled to depose Chaney prior toproviding him his statement. It further contends that it is entitled to a clean recollection of a witnesses's testimony and thus it can properly withhold the statement until after the deposition. In support for its position its cites *Miles v. M/V Mississippi Queen*, 753 F.2d 1349 (5th Cir. 1985) and other cases it contends support is position.

*Miles* does not stand for the proposition as suggested by the defendant that a statement must be withheld until after the witness is deposed, rather, it merely indicates that "in appropriate cases" a court can require a party to be deposed before receiving his statement. *Miles*, 753 F.2d at 1352 n.3. The Circuit Court made it clear that the Rules require that the plaintiff be provided

3

with his statement "as a matter of right, while the defendant may withhold the statement until after the plaintiff's deposition only if the Court permits defendant to do so, in its discretion, upon the particularized showing that defendant must make pursuant to Rule 26(c)(2) or 26(d)." *Baggs*, 1999 WL 539459.

Furthermore, the Fifth Circuit in *Miles* reversed the decision of the District Court which denied the plaintiff's motion to compel the pre-trial production of his statement. *Miles*, 753 F.2d at 1350. In *Miles* the District Court refused to required the defendant to produce the plaintiff's statement in advance of trial. *Id*. In fact, in *Miles,* the plaintiff's deposition had taken place and the defendant believed that he testified falsely in his first discovery deposition and that he had given false information to the doctors who had examined or treated him. *Id.*

The defendants also contended that Miles was involved in two other accidents and that he made damaging admissions in two different statements he had given to an adjuster investigating the other claims. *Id.* During the pretrial conference, defense counsel for the first time advised the plaintiff's counsel that he intended to offer the statements as impeachment evidence and produced the documents for inspection by the court but refused to allow the plaintiff's counsel the opportunity to inspect them. *Id.* at 1350-1351.

Thereafter, the plaintiff's counsel filed a motion to compel production of the statements and the District Court denied the request. *Id*. at 1350. After a three-day jury trial, a verdict was returned in favor of the defendant. *Id*. On appeal, the plaintiff challenged the court's refusal to permit him the right to production of his statement. *Id.* The Circuit Court, in reversing the District Court, noted that a party has a right to have his own statement which "is not diminished when the district court suspects duplicity." *Id*. It further stated, that the rule does not bend to the discretion

of the trial court and allows "no room for weighing of pros and cons, although the court has some latitude" in the timing of the production of the statement. *Id.*

In this case, the defendant unlike the defendant in *Miles* seeks a delay not a denial in the production of the plaintiff's statement. In support of its argument, it suggests that delay is appropriate because it seeks the unrefreshed recollection of the plaintiff who according to the complaint fell in a hole which lacked the proper grating on a railroad track under the care of the defendants.

The Court recognizes that courts have delayed the production of a statement until after a deposition has been taken. However, it is this court's opinion that the decisions which do so are based upon a general state court practice and not the standard which we are required to apply as noted by Fed. Rule Civ. Pro 26. *See e.g., In re L.L.P. & D.*, 1998 WL 113937 at *1; *Crenshaw v. R & B Falcon Drilling*, CIV.A.02-3699, 2003 WL 21010746 (E.D.La. May 1, 2003). Instead Rule 26(d)(2) provides that the Court may order discovery in a particular sequence only when the moving party makes a showing that a particular sequence is "for the convenience of the parties and in the interests of justice."*Baggs v. Highland Towing, L.L.C.*, CIV.A. 99-1318, 1999 WL 539459, at *2 (E.D. La. July 22, 1999) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)).

The only argument advanced by the defendant is that if Chaney receives his statement prior to his deposition, he will tailor his testimony to conform to his prior statements. The defendant has not advanced an argument that there is a particular sequence that is convenient or in the interest of justice. Nor has the court been provided with any information suggesting that Chaney would tailor his story of how he walked on the grate which cover the hole, fell in the hole

and was found in the hole by the defendants. The required showing has not been made in this instance.   Instead, the defendants are merely seeking the application of a state court custom which is contrary to the required showing of the federal rules.

Accordingly,

**IT IS ORDERED** that **Plaintiff Michael Chaney's Motion to Quash the Deposition of Michael Chaney Noticed by Defendant The Kansas City Southern Railway Company and/or for Protective Order(doc. #29)** is **GRANTED**.  KCS must provide Chaney's statement prior to his deposition.

**IT IS FURTHER ORDERED** that **Plaintiff's Rule 37(a) Motion to Compel Defendant The Kansas City Southern Railway Company to Fully Respond to Plaintiff's Interrogatories and Request for Production (doc. #21)** is **GRANTED**.  KCS must provide Chaney's statement within ten days.

New Orleans, Louisiana, this 27th day of August, 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**